Shaw C. J.
delivered the opinion of the Court. The facts stated furnish no legal ground of defence to this action. The rights of the bail, in regard to the principal, were not affected by the agreement in the case. It is unquestionably true that any release or contract, between the obligee and the principal obligor, which discharges the principal, discharges likewise the surety. So the same result follows, if it affects the rights of the surety, as by changing the nature or terms of his liability. But here we think there was nothing in the agreement relied upon, to prevent the bail from exonerating himself from all liability as well after this agreement as before, either by a surrender of the principal in court, according to the course of the common law, or by a surrender to the county gaol, conformably to St. 1817, c. 146. The rights of the bail therefore were not, at any time, impaired, or his liability altered by the operation of the agreement. The ground upon which we rely is, that the agreement was an executory contract, collateral to the action, which is not particularly referred to ; that the only remedy for the breach of it would have been an action to recover damages, and that it could not be specifically enforced sc as to prevent the plaintiff from *162 arresting the principal. The case of Perkins v. Gilman, 8 Pick. 229, is in point, where it was held that a covenant no! to sue, for a limited time, that is, in effect, a covenant not to serve any legal process, was a collateral agreement, the breach of which might lay the foundation for an action, but which could not be pleaded as a bar, or otherwise restrain the plaintiff from pursuing his legal rights by an action.[1]
Such a contract stands upon grounds very different from those agreements made in court, by parties or their attorneys, in" the progress of a cause, and entered upon the minutes of the court, or put in writing and filed. Such agreements are deemed to be a part of the legal proceedings had before the court under its inspection and authority, affecting directly the rights of the parties ; and to be availing and effectual, they must from their nature be specifically executed. Such specific performance will be enforced by the court, under the general authority which it holds by the common law, to regulate and order the course of legal proceedings in all cases before it, with a view to secure to all parties their just rights. In regard to one class of such agreements, a provision is made by statute, that agreements for waiving pleas, amendments and making new pleas in the Supreme Judicial Court, made in the Court of Common Pleas shall be carried into effect in the appellate court. St. 1784, c. 28, § 8.. This was probably designed to give a sanction and security to the right of appeal, in case of fictitious demurrers, when they were first in use to facilitate appeals, and was founded upon some doubt whether an agreement in the court appealed from, would be recognised and carried into effect in the appellate court.
But another ground of argument was taken for the plaintiff, which is entitled to great consideration, which is, that supposing the agreement was made with a particular reference to this action, and was in effect an agreement not to take out an execution for the time therein limited, still that it was a stipulation for no further delay than the principal might have obtained, by asserting his own rights. The agreement was made during the April term of the Court of Common Pleas, *163 and stipulated not to arrest the defendant for four months This court must take notice of the terms, and the course of practice in the court below. We know that a party there has a right to appeal, in causes where the damages demanded exceed $ 100. Had the plaintiff insisted on a trial at that term, and obtained a verdict, the defendant might have appealed as matter of right, with or without an intent ultimately to make a defence, and such appeal would have carried the cause to the November term of this Court, more than four months. The plaintiff agreed to no longer delay than he was compellable to submit to by the operation of law and the course of practice. Had there been simply an agreement in court, that the cause should be defaulted and continued to October term for judgment, could there have been the least ground to contend that the bail would be discharged ?
It Is said, however, that it appears by comparing dates, that the defendant had been defaulted, before the agreement was entered into, and that the plaintiff might have had judgment and execution at the first term. But we think this is not shown by the case. To many purposes, all the proceedings of the same term may be considered simultaneous. By St. 1784, c. 28, § 7, where a defendant defaulted at the return term shall come into court at any time before the jury is dismissed, and pay &c., then the court may admit the defendant to the same day in court as if he had not been defaulted. Here the agreement was made a considerable time before the jury was dismissed, and whilst the defendant had ample time to apply to the court to take off the default and permit him to go to trial. Considering it therefore as simply an agreement for delay in the cause, we cannot perceive that the liability of the bail was enlarged or prolonged, or that the rights of the bail were affected by it. In a recent case it -was held, that by talcing a cognovit from the principal, the bail is not discharged, unless by the terms of it he is to have a longer time for the payment of the debt and costs, than he would have if the plaintiff had proceeded regularly in the action. Stevenson v. Roche, 9 Barn. & Cressw. 702. If therefore the agreement of the plaintiff with the principal defendant did not induce him to continue the cause in court longer than the defendant could *164 have kept it there, had there been no such agreement, the bai were not injured and have no ground of complaint.[1]
The result is, that according to the agreement of the parties the defendant is to be defaulted, and unless he can surrender the principal during the present term, there must be judgment for the plaintiff.

 See Greely v. Dow, 2 Metc. 176.

 See Nichols v. Norris, 3 Barn. & Adol. 41; Bowmaker v. Moore, 1 Daniel, 264; Hulme v. Collins, 2 Sim. 12; Price v. Edmunds, 5 Man. & Ryl. 287; Johnson v. Boyer, 3 Watts’s (Penn.) R. 378.